JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

NICOLE M. KIM (NYBN 4435806)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California
    Telephone:  (415) 436-6401
    Facsimile: (415) 436-6982
    E-Mail:  nicole.kim@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-0083 PJH |
| Plaintiff, | |
| v. | [PROPOSED] ORDER OF DETENTION |
| MARTIN ESTRADA ZARAGOZA, | |
| Defendant. | |

## I.  INTRODUCTION

A detention hearing in the above-captioned case for defendant Martin Estrada Zaragoza was conducted on March 10, 2008.  The Court has carefully considered the proffers of the Government and the defendant's counsel and the pre-trial services report.  The Court finds by a preponderance of the evidence that there are no conditions, or combinations of conditions which could be fashioned in order to assure the appearance of the defendant for trial if he is released. Therefore, for the reasons set forth herein, the Court orders that the defendant be detained.

II.     **FACTORS TO CONSIDER UNDER 18 U.S.C. § 3142**

    1.     **Charges and Rebuttable Presumption**

On February 19, 2008, the Grand Jury for the Northern District of California returned an indictment charging defendant Martin Estrada Zaragoza ("Martin Zaragoza") and thirteen other individuals with conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. § 846. The indictment also charges Martin Zaragoza with two substantive counts of distribution of methamphetamine in violation of Title 21 U.S.C. § 841(a)(1). The conspiracy count carries a mandatory minimum sentence of ten years in prison. The substantive counts carry mandatory minimum sentences of five years and ten years in prison. Therefore, there is a rebuttable presumption that he is both a flight risk and a danger. See 18 U.S.C. §3142(e).

    2.     **Defendant's Criminal History**

According to proffers by the Government, on June 19, 2007, during a vehicle stop of Martin Zaragoza by the state police, Martin Zaragoza gave a false name to the police. In addition, the pre-trial services report indicates that Martin Zaragoza used three alias in the past in connection with various arrests. The Government also proffered that in connection with the police stop on June 19, 2007, Martin Zaragoza sought the assistance of other individuals in the use of a false name. Martin Zaragoza's criminal history also shows that he committed six violations of probation and/or parole and was also placed under electronic monitoring on several occasions.

Therefore, Martin Zaragoza's past conduct demonstrates that he is a serious flight risk and a danger to the community if released on bail in this case.

    3.     **Defendant's Employment and Characteristics**

The defendant has been unemployed for the past 3 years. In addition, he has family members in Mexico, one of whom is an indicted co-conspirator in this case. In addition, Martin Zaragoza currently has an immigration hold against him.[1]

---

[1] According to the Government and pursuant to a March 10, 2008 check with Immigration and Customs Enforcement, an immigration hold was placed on this defendant on

### III. LEGAL AUTHORITY TO DETAIN THE DEFENDANTS

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. A rebuttable presumption of both dangerousness and risk of flight exists when the defendant is charged with a drug felony that carries a maximum term of imprisonment of ten years or more. 18 U.S.C. §3142 (e). Once the defendant produces some evidence to rebut the presumption, the presumption has been rebutted. United States v. Cook, 880 F. 2d 1158, 1162 (10th Cir. 1989). However, the presumption does not disappear, but rather remains as a factor for consideration in the Court's determination. Id.

The potential sentences in this case far exceed those sufficient to trigger a presumption and place an enormous incentive on the defendant to flee. In the matter before this Court, the defendant faces a maximum sentence of life in prison, and a minimum mandatory term of imprisonment of ten and five years (for the conspiracy and substance counts, respectively). In addition, because of his prior drug felony conviction, Martin Zaragoza faces a possible mandatory minimum of twenty years in prison. As for the rebuttable presumption of danger, 18 U.S.C. § 3142(f)(1), identifies those types of crimes in which "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e). See United States v. Salerno, 481 U.S. 739, 750 (1987) ("The act operates only on individuals who have been arrested for a specific category of extremely serious offenses.... Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest.") (citation omitted); S.Rep. No. 98-225, p. 6-7 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3189;United States v. Koon, 6 F.3d 561, 566 (9th Cir. 1993) (justifying the presumption of dangerousness in 18 U.S.C. § 3142(f)(1) because "there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons").

---

March 5, 2008 and remains active.

Crim. No. 08-0083 PJH
Detention Order (Martin Zaragoza)                3

The judicial officer may detain a defendant if the Government proves by a preponderance of the evidence that the defendant poses a risk of flight. United States v. Motamedi, 767 F. 2d 1403, 1407 (9th Cir. 1985), United States v. Gebro, 948 F. 2d 1118, 1121 (9th Cir. 1991). The preponderance of evidence shows a risk of flight where, among other factors, the weight of the evidence is enough to alert the defendants to a "reasonable possibility of conviction." United States v. Townsend, 897 F. 2d 989, 993-94 (9th Cir. 1990). In assessing flight, a court may consider that defendant having no visible means of support, no property, who is well known to narcotics officers for some period of time and has ample funds to provide him with a means of absconding is a poor flight risk and a case in which bail is properly denied. Further, in cases with large sums of cash available to the defendant the court may draw the conclusion that the defendant has the means to abscond. A defendant's financial condition and the length of sentence he or she faces are of particular importance in assessing the risk of flight.

The judicial officer may also detain a defendant where the Government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity. United States v. Salerno, 481 U.S. 739 (1987).

In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm. United States v. Reynolds, 956 F.2d 192 (9th Cir. 1992). Propensity to commit crime generally may constitute a sufficient risk of danger to come within the act. See, United States v. Karmann, 471 F. Supp. 1021, 1022 (C.D. Cal 1979).

Ultimately, the Government bears the burden of proving by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. United States v. Gebro, 948 F. 2d 1118, 1120 (9th Cir. 1991); United States v. Motamedi, 767 F. 23d 1403, 1405 (9th Cir. 1985).

## IV. CONCLUSION

Based on defendant Martin Zaragoza's past history of probation and/or parole violations, his use of false identification and his attempts to seek the participation of other individuals in the use of false names, the present immigration hold on the defendant, his ties to Mexico, and the defendant's unemployment history, the Court finds that no conditions or combinations of conditions it could fashion would assure the defendant's appearance for trial if he was released. Therefore, the Court hereby ORDERS that the defendant Martin Zaragoza be detained, and that pursuant to Title 18, United States Code, Section 3142, the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, that the defendant be afforded reasonable opportunity for private consultations with counsel, and that, on order of a court of the United States or on request of an attorney for the Government, the defendant Martin Zaragoza shall be delivered to the United States Marshal for the purpose of an appearance in connection with court proceedings.

March 10, 2008

_____
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE